# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

**DAGGETT, KRAEMER, ELIADES, KOVACH & URSIN, ESQS.**
328 D Sparta Avenue
Sparta, New Jersey 07871
(973) 729-2117
Attorneys for Plaintiff, Frank Mobilio

| | |
|---|---|
| FRANK MOBILIO, | |
| Plaintiff, | Civil No. |
| vs. | |
| THE DIVISION OF LAW AND PUBLIC SAFETY OF THE STATE OF NEW JERSEY, THE DIVISION OF NEW JERSEY STATE POLICE, DETECTIVE LONG, JOHN DOE 1-5 AND MARY DOE 1-5 | COMPLAINT AND JURY DEMAND |
| Defendant(s). | |

## INTRODUCTION

1. The Plaintiff, Frank Mobilio who resides at 306 TG, Oak Street in the Village of Ridgewood, County of Bergen and State of New Jersey alleges that the defendants, Brian Long, the Division of Law and Public Safety of the State of New Jersey, the Division of New Jersey State Police and John and Mary Doe 1-5, whose addresses are State Police Headquarters, West Trenton, New Jersey, violated certain rights of the Plaintiff guaranteed under the *United States Constitution* and the *Constitution of New Jersey,* by wrongfully and without just cause, maliciously prosecuted, falsely arresting, abusing the issuance of process, falsely imprisoning him, and conspiring to maliciously prosecute him, and violating his rights under the *United States Constitution.*

2. The common law as modified by the Constitution and the statutes of the State of New jersey, is not inconsistent with the Constitution and laws of the United States and should be extended to and govern the entitled Court in this trial and disposition of this case.

## JURSIDICTION

3. Jurisdiction is founded upon 28 *U.S.C.* Sections 1331 and 1343 and the aforementioned constitutional and statutory provisions. Plaintiff further invokes the pendant jurisdiction of this Court to hear and decide claims arising out of the applicable State law.

## PARTIES

4. The Plaintiff, Frank Mobilio, is a citizen of the United States and resident of the Village of Ridgewood, County of Bergen and State of New Jersey. The defendants are at all times relevant herein duly appointed and acting officers of the defendant, New Jersey State Police.

5. The Division of Law and Public Safety and the New Jersey State Police are law enforcement agencies of the State of New Jersey.

6. The Plaintiff sues each and all of the defendants in both their individual and their official capacities.

## BACKGROUND

7. The Plaintiff, on October 15, 2003, was the duly appointed principal of the Middle School in Township of Wayne, County of Passaic, State of New Jersey.

8. At the same time, the Defendant Brian Long was a Detective in the New Jersey State Police assigned to the Augusta Station in Sussex County New Jersey.

9. On October 12, 2003, the Plaintiff with several other persons, attended a Jets v. Buffalo professional football game at the Meadowlands. After that game, a juvenile by the initials of K.A. accused the Plaintiff of inappropriate conduct.

10. The said K.A. described events that would have led to positive DNA findings.

11. On October 15, 2003, at 9:51 A.M. members of the New Jersey State Police brought to the State Police laboratory in Little Falls, New Jersey items of clothing of K.A. for analysis.

12. Within a short period of time, but on October 15, 2003 the said members of the New Jersey State Police had in their possession the negative results of the lab testing by the State Police laboratory.

13. On October 14, 2003, at 6:50 p.m., Albert Bosma who was one of the persons attending the football game was requested to come to the State Police Station in Augusta, New Jersey for the purpose of being interviewed by the Defendant Detective Long and other detectives.

14. On October 15, 2003, the said Detective Long presented to the Honorable N. Peter Conforti, a Judge of the Superior Court of New Jersey an Affidavit of Probable Cause in which 46 lines were dedicated to the statement of Albert Bosma and only 33 lines were dedicated to any other witnesses.

15. The said Honorable N. Peter Conforti, JSC of the Superior Court of New Jersey on October 15, 2003 issued an arrest warrant for the Plaintiff and on said arrest warrant noted that "probable cause found, affidavit of Brian Long."

16. Within a short period of time, the Defendant Brian Long together with six other law enforcement officers went to the home of the Plaintiff in the presence of his family and arrested him. The Plaintiff was processed and incarcerated, forced to make bail, forced to obtain a psychological evaluation and be charged with endangering the welfare of children and sexual contact with a minor.

17. Eventually the plaintiff made bail. As a result of having been placed on bail, the plaintiff's freedom was restricted, his travel was restricted, contacts with minors under the age of 16 was prohibited, and he was required to make frequent appearances in the Superior Court of New Jersey.

3

18. On April 14, 2005, the Plaintiff was indicted by the Grand Jury in and for the County of Sussex, State of New Jersey.

19. As a result of his arrest, the Plaintiff was suspended with pay from his employment as the principal of the Middle School of Wayne, New Jersey. As a result of the indictment, he was suspended without pay.

20. On October 19, 2006, the Plaintiff Frank Mobilio was acquitted by a jury of his peers.

## COUNT ONE

### Malicious Prosecution as a Civil Rights Violation

21. Plaintiff repeats each and every allegation set forth herein as if set forth at length.

22. Acting in his official capacity as a member of the New Jersey State Police and as a Detective of said organization, the said Brian Long on October 14, 2003, began a pattern of events in conjunction with John Doe 1-5 and Mary Doe 1-5. On October 14, 2003, the said Brian Long summoned to the Augusta barracks of the New Jersey State Police, Albert Bosma.

23. The said Albert Bosma signed a Miranda warning card at 6:50 p.m. and an official taped statement was begun at 8:20 p.m.

24. During the 1.5 hours in between signing the Miranda card and the actual taped statement, the said Albert Bosma was intimidated, threatened and required to give a false statement concerning the Plaintiff.

25. The said Albert Bosma was intimidated, threatened and required to give a false statement by the Defendant Brian Long.

26. Shortly before his appearance at the New Jersey State Police Station in Augusta, New Jersey, the said Albert Bosma had been briefed on all of the details of K.A.'s allegations against the Plaintiff.

27. As a result of the intimidation and threats by Brian Long, the said Albert Bosma gave a false statement indicating that he was a witness to the events of October 12th and confirmed that K.A.'s allegations were true.

4

28. In order to obtain the statement from Albert Bosma, the said Brian Long and other members of the State Police and other Detectives threatened to arrest Albert Bosma for endangering the welfare of children.

29. As a result of the threats and intimidation, Albert Bosma gave to the Detectives exactly the statement that they wanted which they knew was false.

30. Bosma told the detectives he did not witness the events that K.A. described, but the defendant Long made him say he did.

31. The said Brian Long made notes of the happenings between 6:50 p.m. and 8:20 p.m. on October 14, 2003 but destroyed those notes. On October 15, 2003, Brian Long prepared an Affidavit of Probable Cause which was submitted to the Honorable N. Peter Conforti, a Judge of the Superior Court of New Jersey, which Affidavit contained 79 lines of which 46 were dedicated to the false, coerced statement of Albert Bosma.

32. Based upon the false Affidavit of Brian Long, the said Honorable N. Peter Conforti, JSC issued a warrant for the arrest of the Plaintiff and a search warrant for his home.

33. Based upon a statement of K.A. that certain body fluids were on her clothing as a result of the contact with the Plaintiff herein, members of the New Jersey State Police brought the said K.A.'s clothing to the State Police laboratory at 9:51 a.m. on October 15th. Within a very short period of time, they had the results that the clothing was negative for any type of bodily fluids and hence the allegations of K.A. were scientifically damaged.

34. When the said Brian Long submitted his Affidavit of Probable Cause to the Superior Court of New Jersey, he did not inform the Judge that the lab report was negative.

35. In his Affidavit summarizing the statement of K.A., he never told the Superior Court Judge that the victim had indicated that there would be DNA evidence.

36. The said Brian Long never informed the Court that K.A,. had made allegations that would have led to DNA evidence and that there was none.

37. Armed with the arrest warrant and the search warrant, Brian Long and six other law enforcement officers raided the home of the Plaintiff. The arrest took place at 6:20 p.m. on October 15, 2003.

38. The Plaintiff was removed from his home, taken to the Walter Keogh Dwyer Correctional Facility at a time after the normal business hours of Court had concluded so that the said Plaintiff could not be arraigned before a Judge and was incarcerated.

39. Eventually, the Plaintiff was admitted to bail, had restrictions on his personal liberty and travel, was prohibited in making certain contacts, and was required to answer the charges that were falsely obtained by the Defendant Brian Long.

40. The Plaintiff's right to travel, right to assemble, freedom of movement, all were limited as a result of the actions of members of the New Jersey State Police and in particular, Brian Long.

41. On April 5, 2005, the said Albert Bosma appeared at the Sussex County Prosecutor's Office with his personal attorney and recanted the statement that he had been threatened to give on October 14, 2003.

42. The criminal prosecution was initiated by the signing of a complaint in the Superior of New Jersey by the defendant, Brian Long. The probable cause affidavit submitted to the Superior Court of New Jersey was false since it contained the elements of the statement of Albert Bosma which were coerced and untrue. Therefore, there was no probable cause. The said Brian Long acted with malice and his purpose was not to bring the defendant to justice but to enhance his own career. The prosecution against the plaintiff ended in an acquittal and as a result of the actions of the said Brian Long the plaintiff was deprived of his liberty.

WHEREFORE, the Plaintiff demands judgment for compensatory and punitive damages plus attorney fees and costs and such other relief as the Court deems just and equitable under the circumstances.

COUNT TWO

Malicious Prosecution as a Tort

43. Plaintiff repeats each and every allegation set forth herein at length.

44. The Defendant Brian Long and Joe Doe 1-5 and Mary Doe 1-5 maliciously and falsely prosecuted the Plaintiff herein, threatened and intimidated a witness, presented an Affidavit to the Superior Court knowing the same to be false, deliberately failed to inform the Judge of the Superior Court issuing an arrest warrant that what

should have been a positive lab report based upon the victim's statement was in fact negative.

45. The said Brian Long signed a complaint against the Plaintiff charging him with indictable offenses under the Criminal Code of the State of New Jersey. The complaint herein was made with malice.

46. In October, 2006 the Plaintiff was tried in the Superior Court of New Jersey before a jury of his peers and was acquitted.

47. The Plaintiff was required to spend an excess of $150,000 to defend himself against the charges falsely made by Brian Long.

WHEREFORE, the Plaintiff demands judgment for compensatory and punitive damages plus attorney fees and costs and such other relief as the Court deems just and equitable under the circumstances.

## COUNT THREE
### Abuse of Process

48. Plaintiff repeats each and every allegation set forth herein at length.

49. As a result of suppressing some evidence and manufacturing other evidence, the said Brian Long and other members of the New Jersey State Police obtained a warrant for the arrest of the Plaintiff.

50. Brian Long signed a complaint charging the Plaintiff with offenses under the Criminal Code of the State of New Jersey.

51. Said complaint was obtained by means of a false Affidavit, which Brian Long knew to be false.

WHEREFORE, the Plaintiff demands judgment for compensatory and punitive damages plus attorney fees and costs and such other relief as the Court deems just and equitable under the circumstances.

## COUNT FOUR
### False Arrest

52. Plaintiff repeats each and every allegation set forth herein at length.

7

53. On October 15, 2003 at 6:20 p.m., the said Brian Long with six other detectives entered the property of the Plaintiff for the purpose of arresting the same.

54. The arrest warrant used by Brian Long was obtained from a Judge of the Superior Court by means of false information and the suppression of relevant evidence.

WHEREFORE, the Plaintiff demands judgment for compensatory and punitive damages plus attorney fees and costs and such other relief as the Court deems just and equitable under the circumstances.

## COUNT FIVE
### Civil Rights Violations

55. Plaintiff repeats each and every allegation set forth herein at length.

56. As a result of the actions of Brian Long as set forth herein in detail, the Plaintiff's rights were violated in that his right to travel was restricted, his right to contact certain other persons was limited, he was incarcerated, he was required to appear in the Superior Court of New Jersey on many occasions, he was required to stand trial and his right to employment was suspended due to the actions of Brian Long as specifically defined herein.

WHEREFORE, the Plaintiff demands judgment for compensatory and punitive damages plus attorney fees and costs and such other relief as the Court deems just and equitable under the circumstances.

## COUNT SIX
### Emotional Distress

57. Plaintiff repeats each and every allegation set forth herein at length.

58. The Plaintiff as of October 15, 2003, was a highly respected educator in the school system of Wayne Township, New Jersey.

59. As a result of the outrageous conduct of Brian Long, the Plaintiff's reputation in the educational community was demeaned, lessened, and he was suspended from functioning in his chosen field.

60. As a result of the consequences of the actions of Brian Long, the Plaintiff suffered emotional distress, which had a debilitating effect upon him.

8

WHEREFORE, the Plaintiff demands judgment for compensatory and punitive damages plus attorney fees and costs and such other relief as the Court deems just and equitable under the circumstances.

## JURY DEMAND

The Plaintiff hereby demands a trial by jury.

## TRIAL COUNSEL DESIGNATION

Pursuant to Rule 4:25-4, George T. Daggett, Esq. has been designated as trial counsel on behalf of Plaintiff, Frank Mobilio, in the above-captioned matter.

## CERTIFICATION

Pursuant to Rule 4:5-1, the undersigned hereby certifies that at the time of filing of this pleading, the matter in controversy is not the subject of any other action pending in any Court and/or Arbitration proceeding.

I also understand that at this time there are no other parties to my knowledge that should be named in this lawsuit.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                          DAGGETT KRAEMER ELIADES
                          KOVACH & URSIN

                          By: /s/ George T. Daggett
                              GEORGE T. DAGGETT

Dated: August 15, 2007