NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANK MOBILIO, | : |
| Plaintiff, | : **OPINION** |
| v. | : Civ. No. 07-3945 (WHW) |
| THE DEPARTMENT OF LAW AND PUBLIC SAFETY OF THE STATE OF NEW JERSEY, THE DIVISION OF NEW JERSEY STATE POLICE, DETECTIVE LONG, JOHN DOE 1-5 AND MARY DOE 1-5, | : |
| Defendants. | : |

**Walls, Senior District Judge**

      Plaintiff Frank Mobilio brings this action against Defendants Brian Long ("Detective Long"), the Division of Law and Public Safety of the State of New Jersey ("NJ Division of Safety"), the Division of New Jersey State Police ("NJ State Police") and John Does 1-5 and Jane Does 1-5 (collectively, the "Defendants"), alleging that Defendants violated Plaintiff's rights protected by the United States Constitution and the Constitution of New Jersey when they arrested him without probable cause and started a criminal prosecution against him without any basis.  Defendants now move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.  The Court will grant in part and deny in part Defendants' motion to dismiss.

NOT FOR PUBLICATION

## BACKGROUND

On October 12, 2003, Plaintiff Mobilio and several other persons attended a Jets versus Buffalo football game at the Meadowlands. After the game ended, a juvenile by the initials K.A. had accused Plaintiff of inappropriate sexual conduct. On October 14, 2003, Detective Long took statements regarding the circumstances of Plaintiff's alleged misconduct from a few witnesses, including Albert Bosma, who had attended the football game. On October 15, 2003, Detective Long obtained an arrest warrant from Judge N. Peter Conforti of the Superior Court of New Jersey and arrested Plaintiff at his home and in front of his family. Plaintiff was charged with endangering the welfare of children and criminal sexual contact with a minor.

Plaintiff was released on bail but his freedom to travel was restricted and any contact with minors under the age of sixteen was prohibited. Plaintiff was indicted on April 15, 2005, which was about one and a half years after his arrest. Before his arrest, Plaintiff had worked as the principal of the Middle School in the Township of Wayne, County of Passaic, New Jersey. Because of his arrest, Plaintiff was suspended from his employment with pay pending the outcome of his case. After his indictment, he was suspended without pay.

On October 19, 2006, the jury acquitted Plaintiff of the charges. On August 16, 2007, Plaintiff brought this action, alleging violations of his constitutional rights under the United States Constitution and the Constitution of New Jersey. (See Complaint, Mobilio v. Division of Law and Public Safety of New Jersey, No. 07-3945 (D.N.J. Aug. 16, 2007) ("Compl.").) On October 6, 2007, Defendants moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

NOT FOR PUBLICATION

## STANDARD OF REVIEW

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002). The Supreme Court has recently clarified the Rule 12(b)(6) standard in Bell Atlantic v. Twombly, 550 U.S. --, 127 S. Ct. 1955, 1965 (2007). A complaint will survive a motion under Rule 12(b)(6) if it states plausible grounds for plaintiff's entitlement to the relief sought. Id. at 1965-66 (abrogating Conley's standard that the "complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"; Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (emphasis added)). This "entitlement to relief" requires "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Id. at 1964-65. In other words, it must contain sufficient factual allegations to raise a right to relief above the speculative level. Id.

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegation. Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977). Moreover, the claimant must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist. Fed. R. Civ. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In addition to the allegations of the Complaint, the Court may consider documents attached to or specifically referenced in the Complaint, and matters of

NOT FOR PUBLICATION

public record, without converting the motion to dismiss into one for summary judgment. See Mele v. Fed. Reserve Bank of N.Y., 359 F.3d 251, 255 n.5 (3d Cir. 2004); Sentinel Trust Co. v. Universal Bonding Ins. Co., 316 F.3d 213, 216 (3d Cir. 2003). "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them." Id. Any inquiry beyond the complaint and documents integral to the complaint may require conversion of the motion into one for summary judgment. Fed. R. Civ. P. 12(b).

**DISCUSSION**

Plaintiff brings a six-count complaint against Defendants: (1) malicious prosecution as a civil rights violation; (2) malicious prosecution as a tort; (3) abuse of process; (4) false arrest; (5) civil rights violations; (6) and emotional distress. As a preliminary matter, in Plaintiff's brief in opposition to Defendants' motion to dismiss, Plaintiff concedes to a number of Defendants' defenses. (Pl.'s Brief in Opposition to Defendants' Motion to Dismiss, Mobilio, No. 07-3945 (D.N.J. Nov. 26, 2007) ("Pl.s' Opp. Br.").) Plaintiff writes:

> The Plaintiff concedes that all claims against the Department of Law and Public Safety, the New Jersey Division of State Police, and Trooper Brian Long, in his official capacity, should be dismissed.

(Id. at p. 4.) Accepting Plaintiff's first concession, the Court will dismiss all claims against Defendants in their official capacity. After having dismissed these claims, the Court finds that Plaintiff has not alleged any facts that Defendants NJ Division of Safety and NJ State Police committed any wrongdoing. Defendants NJ Division of Safety's and NJ State Police's motion to

**NOT FOR PUBLICATION**

dismiss the Complaint against them is granted. If Plaintiff deems feasible, it may seek leave to amend.

Plaintiff's remaining allegations concern Detective Long and a dozen unnamed individual defendants. The Court will treat Plaintiff's claims as claims against Detective Long and John Does 1-5 and Jane Does 1-5 in their personal capacities.

Plaintiff also concedes to Defendants' argument that Plaintiff's false arrest claim is barred by the New Jersey statute of limitations. Plaintiff writes:

> The Plaintiff concedes that his claims for false arrest and false imprisonment are time barred by the applicable statute of limitations.

(Id. at 11.) The Court agrees that a two-year statute of limitations applies here. In Montgomery v. De Simone, the Third Circuit explained that:

> In Wilson v. Garcia, 471 U.S. 261, 276 (1985), the [Supreme] Court held that for § 1983 actions, courts should apply the state statute of limitations applicable to personal injury torts. [The Third Circuit] have since held that New Jersey's two-year limitations period on personal injury actions, N.J.S.A. 2A:14-2, applies to a civil rights claim under § 1983. Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).

159 F.3d 120, 126 n.4 (3d Cir. 1998). The statute of limitation period for false arrest and false imprisonment begins to run on the night that Plaintiff was arrested or detained. Id. at 126. Because Plaintiff was arrested on October 15, 2003 but brought this action on August 16, 2007, Plaintiff's claim for false arrest is time-barred. The Court grants Defendants' motion to dismiss count four of Plaintiff's Complaint for false arrest.

NOT FOR PUBLICATION

### I.     Malicious Prosecution under Section 1983 and Common Law

Plaintiff brings two malicious prosecution claims, one as a "Civil Rights violation" and the other "as a Tort." Although Plaintiff did not specify which Civil Rights Act Defendants violated, it is clear from his brief that Plaintiff is bringing a claim for malicious prosecution under the Civil Rights Act of 1871, currently known as, 42 U.S.C. § 1983. In its relevant part, 42 U.S.C. § 1983 provides that:

> Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C.A. § 1983. Section 1983 was intended to provide a remedy against actions by the State which deprived people of rights protected by the Constitution and the laws of the United States. Popow v. City of Margate, 476 F. Supp. 1237, 1243 (D.N.J. 1979). Section 1983 is not, in and of itself, a source of substantive rights. Rather, it is the method for vindicating violated federal rights. Baker v. McCullan, 443 U.S. 137, 143 n.3 (1979).

"The Third Circuit Court of Appeals has unequivocally stated that a claim of malicious prosecution may be based on a liberty interest protected by the Fourth Amendment or some other provision of the constitution, provided [it is] not based on the substantive component of the Due Process Clause." Sershen v. Cholish, No. 07-CV-1011, 2007 WL 3146357, at *10 n.2 (M.D. Pa. Oct. 26, 2007) (citing Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 792 (3d Cir. 2000)). To state a section 1983 claim for malicious prosecution under the Fourth Amendment, "a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding

NOT FOR PUBLICATION

ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007). Under New Jersey law, the elements for "[a]n action for malicious prosecution may be maintained only where it is shown that the criminal action was brought without probable cause, that it was actuated by malice, that plaintiff suffered a special grievance, and that the criminal proceedings terminated favorably to the plaintiff." Rubin v. Novack, 248 N.J. Super. 80, 82 (App. Div. 1991).

    Defendants argue that Plaintiff cannot state a claim for malicious prosecution under section 1983 nor New Jersey common law because Detective Long had probable cause to arrest Plaintiff. Albert Bosma, K.A. and other witnesses provided testimony that Plaintiff sexually and improperly contacted K.A. Based on their testimony, Detective Long had probable cause.

    Plaintiff counters that there was no probable cause because the evidence was fabricated. Plaintiff alleges that about October 14, 2003, Defendant Detective Long and unnamed others intimidated and threatened Albert Bosma. (Compl. at ¶¶ 24-29.) As a result of coercion, Albert Bosma provided Detective Long with false statements that confirmed K.A.'s allegations.[1] (Id.) Detective Long destroyed notes from his investigation, knowingly used false statements and purposefully excluded exculpatory evidence when he sought a warrant from Judge Conforti. (Id.

---

[1] On April 5, 2005, Bosma later recanted his false statements at the Sussex County Prosecutor's Office. (Id. at ¶ 41.)

**NOT FOR PUBLICATION**

at ¶¶ 31-36.)  The exculpatory evidence was a negative test showing that K.A.'s clothing did not have Plaintiff's bodily fluids as alleged by K.A.  (Id. at ¶¶ 33-36.)  From Detective Long's falsified affidavit of probable cause, Judge Conforti issued a warrant for Plaintiff's arrest.  (Id. at ¶¶ 14-15, 31-36.)

Detective Long and six other officers arrested Plaintiff at his home.  (Id. at ¶¶ 37-38.)  Because of the charges, Plaintiff was required to post bail and his freedom of movement was restricted.  (Id. at ¶¶ 39-40.)  The criminal prosecution against Plaintiff was initiated by the signing of a complaint in the Superior Court of New Jersey by Detective Long.  (Id. at ¶ 42.)  Plaintiff was acquitted of all charges (Id.)

While there may be some evidence to support a finding of probable cause, at this stage, the Court must take Plaintiff's factual allegations as true.  Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002) (explaining that a district court must treat factual allegations as true and draw reasonable inferences from them on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)).  According to Plaintiff's factual allegations, the Court finds that Defendants did not have probable cause to arrest Plaintiff.

Defendants also argue that Plaintiff cannot state a claim for malicious prosecution because the prosecutor's independent decision to go forward with the criminal case and the grand jury's indictment broke the chain of causation as to Detective Long's malicious prosecution.  The Third Circuit has explained that

> in a section 1983 malicious prosecution action, as in a common law action for malicious prosecution, a grand jury indictment or presentment constitutes prima facie evidence of probable cause to prosecute, but that this prima facie evidence may be

**NOT FOR PUBLICATION**

>rebutted by evidence that the presentment was procured by fraud, perjury or other corrupt means.

Rose v. Bartle, 871 F.2d 331, 353 (3d Cir. 1989). Here, Plaintiff alleges that Defendant Long fabricated and suppressed evidence in order to obtain an arrest warrant and initiate a criminal proceeding against Plaintiff. (Compl. at ¶¶ 31-36.) Taking these allegations as true, the Court disagrees with Defendants' argument that the chain of causation has been broken by the independent judgment of the state prosecutor and the grand jury. The Court finds that Plaintiff has stated claims for malicious prosecution under section 1983 and New Jersey common law.

Defendants argue that even if Detective Long has stated a claim for malicious prosecution, he is entitled to qualified immunity. In Scott v. Harris, the Supreme Court recently reiterated the qualified immunity analysis:

>In resolving questions of qualified immunity, courts are required to resolve a "threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right? This must be the initial inquiry." If, and only if, the court finds a violation of a constitutional right, "the next, sequential step is to ask whether the right was clearly established . . . in light of the specific context of the case."

--- U.S. ---, 127 S. Ct. 1769, 1774 (2007) (citations omitted). If a public official could have reasonably believed that his or her acts were lawful under the then-established law and current information, that official would be entitled to qualified immunity from liability. Ryan v. Burlington County, 889 F.2d 1286, 1292 (3d Cir. 1989). When considering whether an alleged right is "clearly established," the Court must bear in mind that "defendants are neither constitutional lawyers nor federal judges." Rappa v. Hollins, 991 F. Supp. 367, 382 (D. Del. 1997). Government employees must obey the law as it exists at the time at which they act, "but

**NOT FOR PUBLICATION**

need not predict its evolution, [and] need not know that in the fight between broad and narrow readings of a precedent, the broad reading will become ascendant." Greenberg v. Kmetko, 922 F.2d 382, 385 (7th Cir. 1991).

Although the allegations that Detective Long fabricated incriminating evidence and suppressed exculpatory evidence may ultimately be proved false, no public official could reasonably believe that this type of conduct is lawful. Under these alleged circumstances, Detective Long is not entitled to qualified immunity. Defendants' motion to dismiss count one of the Complaint for malicious prosecution under section 1983 and count two for malicious prosecution under New Jersey common law is denied.

**II.     Abuse of Process**

Defendants state that Plaintiff has not alleged the first element for an abuse of process claim. Under New Jersey law, the "elements of an abuse of process claim are: '(1) an ulterior motive and (2) some further act after an issuance of process representing the perversion of the legitimate use of the process.'" Fleming v. United Parcel Serv., Inc., 255 N.J. Super. 108, 157, 604 A.2d 657 (Law Div. 1992), aff'd, 273 N.J. Super. 526, 642 A.2d 1029 (App. Div. 1994), cert. denied, 138 N.J. 264, 649 A.2d 1285 (1995). Specifically, Defendants argue that "[a]lthough plaintiff alleges defendant Long suppressed and manufactured evidence to obtain a warrant for his arrest, plaintiff has not alleged any collateral benefit to Defendant Long." (Defs.' Brief in Support of Their Motion to Dismiss, Mobilio, No. 07-3945, at p. 28-29 (D.N.J. Oct. 10, 2007) ("Defs' Br.").)

NOT FOR PUBLICATION

Plaintiff asserts that he sufficiently pled the element of ulterior motive. In Plaintiff's claim for abuse of process, Plaintiff alleges that the "complaint charging Plaintiff with offenses under the Criminal Code of the State of New Jersey" was "obtained by means of a false affidavit, which Brian Long knew to be false." (Compl. at ¶¶ 49-51.) "Brian Long acted with malice and his purpose was not to bring the defendant to justice but to <u>enhance his own career</u>." (Compl. at ¶ 42 (emphasis added).) At the motion to dismiss stage, the Court finds that Plaintiff has sufficiently stated a claim for abuse of process. Defendants' motion to dismiss count three of the Complaint under Fed. R. Civ. P. 12(b)(6) is denied.

### III.     Civil Rights Violations

In count five of the Complaint, Plaintiff alleges that:

> As a result of the actions of Brian Long as set forth herein in detail, the Plaintiff's rights were violated in that his right to travel was restricted, his right to contact certain other persons was limited, he was incarcerated, he was required to appear in the Superior Court of New Jersey on many occasions, he was required to stand trial and his right to employment was suspended due to the actions of Brian Long as specifically defined herein.

(Compl. at ¶ 56.) Plaintiff does not allege any additional facts in count five than those already alleged in counts one through four. As the Supreme Court has stated, "[t]he first step in [a section 1983] claim is to identify the specific constitutional right allegedly infringed." <u>Albright v. Oliver</u>, 510 U.S. 266, 271 (1994).

Reading Plaintiff's Complaint liberally, the Court finds that the allegations support claims for false arrest, false imprisonment, malicious prosecution and abuse of process. As the Court has found, and Plaintiff has conceded, his false arrest and false imprisonment claims are barred by the statute of limitations. The Court has permitted Plaintiff's malicious prosecution and abuse

**NOT FOR PUBLICATION**

of process claim to survive the motion to dismiss stage. Beyond these types of claims, even with a liberal reading of count five, the Court finds it difficult to understand what other types of constitutional rights Defendants have violated.

The general allegations in count five seem more like allegations of injuries suffered by Plaintiff than allegations of specific constitutional rights that were violated. Plaintiff is not permitted to allege a generalized, "catch-call" constitutional claim as a fallback if his specific constitutional claims fail. See Brown v. Borough of Mahaffey, Pa., 35 F.3d 846, 850 (3d Cir. 1994) ("The plaintiffs have asserted several constitutional violations; they cannot attach a "catch-all" tort claim as a fallback if those specific constitutional claims fail."). Count five does not give Defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). Count five of the Complaint is dismissed without prejudice. If Plaintiff deems feasible, he may seek leave to amend.

### IV.     Emotional Distress

Plaintiff alleges that "[a]s a result of the consequences of the actions of Brian Long, the Plaintiff suffered emotional distress, which had a debilitating effect upon him." (Compl. at ¶ 60.) Under New Jersey law, "to establish a claim for intentional infliction of emotional distress, the plaintiff must establish intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe." Buckley v. Trenton Saving Fund Soc., 111 N.J. 355, 366 (1988).

Defendants assert that even if Detective Long intentionally manufactured incriminating evidence and suppress exculpatory evidence, Plaintiff cannot establish that Detective Long's actions were the proximate cause of Plaintiff's emotional distress nor establish that Plaintiff's

NOT FOR PUBLICATION

distress was severe. Whether Plaintiff can prove causation will be determined at a later stage. Notwithstanding, at this stage, without discovery, Defendant's motion to dismiss Plaintiff's claim for emotional distress is premature. This motion is denied without prejudice to seek renewal.

      V.    **Conspiracy to Maliciously Prosecute**

Defendants ask that this Court dismiss Plaintiff's allegation that Defendants "wrongfully and without just cause . . . conspir[ed] to maliciously prosecute him." (Compl. at ¶ 1.)[2] To state a claim for a civil conspiracy, a plaintiff must show that "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties 'to inflict a wrong against or injury upon another,' and 'an overt act that results in damage.'" Morgan v. Union County Bd. of Chosen Freeholders, 268 N.J. Super. 337, 365, 633 A.2d 985, 998 (App. Div. 1993). Defendants argue that Plaintiff makes no allegations that Defendant Long conspired with the prosecutor or members of the grand jury, who are responsible for prosecuting Plaintiff in the criminal case. Defendants state that to support a claim for conspiracy to maliciously prosecute, Plaintiff needs to allege that Defendant Long conspired with people who took an active role in "prosecuting" Plaintiff.

Plaintiff disagrees that the necessary parties to a claim for conspiracy for malicious prosecution are the prosecutors and members of the grand jury. Plaintiff state that "Brian Long and other members of the State Police and other Detectives threatened to arrest Albert Bosma for

---

    [2] Plaintiff's claim for conspiracy to maliciously prosecute is not set forth in any counts in the Complaint, but is an allegation in the introduction of the Complaint. Nevertheless, Defendants want to address this allegation and seeks its dismissal.

NOT FOR PUBLICATION

endangering the welfare of children." (Compl. at ¶ 28.) "Brian Long and Joe Doe 1-5 and Mary Doe 1-5 maliciously and falsely prosecuted the Plaintiff herein, threatened and intimidated a witness, presented an [a]ffidavit to the Superior Court knowing the same to be false, deliberately failed to inform the [j]udge of the Superior Court [who issued] an arrest warrant that what should have been a positive lab report based upon the victim's statement was in fact negative." (Id. at ¶ 4.)

      The Court has permitted Plaintiff's section 1983 and common law claims for malicious prosecution to survive because Plaintiff's allegations that Detective Long fabricated incriminating evidence and suppressed exculpatory evidence would support those claims. If Detective Long worked with others to fabricate and suppress evidence, then there would be a cause of action for conspiracy to maliciously prosecute. Defendants' motion to dismiss Plaintiff's claim for conspiracy to maliciously prosecute is denied.

## CONCLUSION

      The Court grants in part and denies in part Defendant's motion to dismiss Plaintiff's complaint.

July 7, 2008                                **s/William H. Walls**
                                                   United States Senior District Judge