ANNE MILGRAM
ATTORNEY GENERAL OF NEW JERSEY
Richard J. Hughes Justice Complex
25 Market Street
PO Box 112
Trenton, NJ 08625-0112
Attorney for State Defendants
 Trooper Brain Long, in his individual capacity

By:  Melanie L. Armstrong
     Deputy Attorney General
     (609) 633-8687

                  UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
                      VICINAGE OF NEWARK

———————————————————  :   HON. WILLIAM H. WALLS, U.S.D.J.

FRANK MOBILIO,
                     :   CIVIL ACTION NO.  07-3945 (WHW)
          Plaintiff,
                     :
     v.                  ANSWER AND AFFIRMATIVE DEFENSES
                     :
THE DIVISION OF LAW AND
PUBLIC SAFETY OF THE STATE  :
OF   NEW   JERSEY,   THE
DIVISION OF NEW JERSEY  :
STATE  POLICE, DETECTIVE
BRIAN LONG,

          Defendants.

———————————————————


     Defendant, Brian Long, in his individual capacity, by way of

Answer to the Complaint filed in this action states:

                         **INTRODUCTION**

1.   At this time defendant is without knowledge or information

sufficient to form a belief as to the truth of the allegations in

paragraph 1 of Plaintiff's Complaint concerning his name and

address, and Plaintiff is left to his proofs.  Defendant denies all

other allegations.

2.   The allegations of paragraph 2 of Plaintiff's Complaint are jurisdictional or venue averments and legal conclusions, not allegations of operative fact, and therefore no response is required.   To the extent the allegations are factual, defendant denies the allegation of this paragraph of Plaintiff's Complaint.

### JURISDICTION

3.   The allegations of paragraph 3 of Plaintiff's Complaint are jurisdictional or venue averments and legal conclusions, not allegations of operative fact, and therefore no response is required.   To the extent the allegations are factual, defendant denies the allegation of this paragraph of Plaintiff's Complaint.

### PARTIES

4.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of Plaintiff's Complaint concerning his residency, and Plaintiff is left to his proofs.   Defendant admits that he is an appointed and acting officer of the New Jersey Division of State Police.

5.   Admitted that the New Jersey Department of Law and Public Safety (improperly pled as the New Jersey "Division" of Law and Public Safety) and the New Jersey Division of State Police are law enforcement agencies of the State of New Jersey.

6.   The allegations of paragraph 3 of Plaintiff's Complaint are jurisdictional or venue averments and legal conclusions, not allegations of operative fact, and therefore no response is

required.   To the extent the allegations are factual, defendant denies the allegation of this paragraph of Plaintiff's Complaint.

## BACKGROUND

7.   Defendant provides no answer to the allegations of paragraph 7 of Plaintiff's Complaint as the allegations are not directed towards answering defendant, and Plaintiff is left to his proofs.

8.   Admitted that Brian Long was a detective with the New Jersey Division of State Police.

9.   Admitted that a juvenile by the initials of K.A. accused Plaintiff of inappropriate conduct.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 of Plaintiff's Complaint, and Plaintiff is left to his proofs.

10.  Defendant provides no answer to the allegations of paragraph 10 of Plaintiff's Complaint as the allegations are not directed towards answering defendant, and Plaintiff is left to his proofs. To the extent that this paragraph can be deemed as constituting allegations against the defendant, defendant is without sufficient information to form a belief as to the truth of this paragraph, and therefore denies same.

11.  Admitted that members of the New Jersey State Police brought K.A.'s clothing to the State Police Laboratory for testing.

12.  Defendant denies the allegation of Paragraph 12 of Plaintiff's Complaint.

13. Admitted that Albert Bosma was interviewed. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13 of Plaintiff's Complaint, and Plaintiff is left to his proofs.

14. Admitted that defendant presented an Affidavit of Probable Cause to the Honorable N. Peter Conforti, a Judge of the Superior Court of New Jersey. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14 of Plaintiff's Complaint, and Plaintiff is left to his proofs.

15. Admitted that the Honorable N. Peter Conforti, JSC of the Superior Court of New Jersey issued an arrest warrant for Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15 of Plaintiff's Complaint, and Plaintiff is left to his proofs.

16. Admitted that Plaintiff was arrested and charged with endangering the welfare of children and sexual contact with a minor. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9 of Plaintiff's Complaint, and Plaintiff is left to his proofs.

17. Defendant provides no answer to the allegations of paragraph 17 of Plaintiff's Complaint as the allegations are not directed towards answering defendant, and Plaintiff is left to his proofs.

To the extent that this paragraph can be deemed as constituting allegations against the defendant, defendant is without sufficient information to form a belief as to the truth of this paragraph, and therefore denies same.

18.  Defendant is without sufficient information to form a belief as to the truth of this paragraph, and Plaintiff is left to his proofs.

19.  Defendant is without sufficient information to form a belief as to the truth of this paragraph, and Plaintiff is left to his proofs.

20.  Defendant is without sufficient information to form a belief as to the truth of this paragraph, and Plaintiff is left to his proofs.

<b><u>COUNT ONE</u></b>

<b><u>MALICIOUS PROSECUTION AS A CIVIL RIGHTS VIOLATION</u></b>

21.  Defendant repeats his answers contained in the preceding paragraphs as if set forth at length herein.

22.  In an Order dated July 7, 2008 by the Honorable William H. Walls, U.S.D.J., all claims contained within this count of Plaintiff's Complaint against the Department of Law and Public Safety, the New Jersey Division of State Police and Brian Long, in his official capacity have been dismissed, therefore defendant provides no answer to the first sentence of this paragraph. Defendant admits that Albert Bosma reported to the New Jersey State Police Barracks.

23. Admitted.

24. Defendant denies the allegations of paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations of paragraph 25 of Plaintiff's Complaint.

26. Defendant is without sufficient information to form a belief as to the truth of this paragraph, and Plaintiff is left to his proofs.

27. Defendant denies the allegations of paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations of paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations of paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations of paragraph 30 of Plaintiff's Complaint.

31. Admitted that Brian Long prepared an Affidavit of Probable Cause which was submitted to the Honorable N. Peter Conforti, a Judge of the Superior Court of New Jersey. Defendant denies the remaining allegations of paragraph 31 of Plaintiff's Complaint.

32. Admitted that the Honorable N. Peter Conforti, JSC issued a warrant for the arrest of Plaintiff. Defendant denies the remaining allegations of paragraph 32 of Plaintiff's Complaint.

33. Admitted that K.A.'s clothing was taken to the State Police Laboratory. Defendant denies the remaining allegations of

paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations of paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations of paragraph 35 of Plaintiff's Complaint.

36. Defendant denies the allegations of paragraph 36 of Plaintiff's Complaint.

37. Admitted that Plaintiff was arrested on October 15, 2003. Defendant denies the remaining allegations of paragraph 37 of Plaintiff's Complaint.

38. Defendant is without sufficient information to form a belief as to the truth of this paragraph, and Plaintiff is left to his proofs.

39. Defendant denies the allegations of paragraph 39 of Plaintiff's Complaint that are directed towards him. Plaintiff is left to his proofs as to the remaining allegations of this paragraph.

40. Defendant denies the allegations of paragraph 40 of Plaintiff's Complaint that are directed towards him. Plaintiff is left to his proofs as to the remaining allegations of this paragraph.

41. Defendant is without sufficient information to form a belief as to the truth of this paragraph, and Plaintiff is left to his proofs.

42. Defendant denies the allegations of paragraph 42 of

Plaintiff's Complaint.

WHEREFORE, the defendant denies that Plaintiff is entitled to the relief he seeks and demands judgment dismissing the Plaintiff's Complaint with prejudice, plus costs.

## COUNT TWO

### Malicious Prosecution as a Tort

43. Defendant repeats his answers contained in the preceding paragraphs as if set forth at length herein.

44. Defendant denies the allegations of paragraph 44 of Plaintiff's Complaint.

45. Admitted that defendant signed a complaint against Plaintiff charging him with indictable offense under the Criminal Code of the State of New Jersey. Defendant denies the remaining allegation of paragraph 45 of Plaintiff's complaint.

46. Defendant is without sufficient information to form a belief as to the truth of this paragraph, and Plaintiff is left to his proofs.

47. Defendant is without sufficient information to form a belief as to the truth of this paragraph, and Plaintiff is left to his proofs.

WHEREFORE, the defendant denies that Plaintiff is entitled to the relief he seeks and demands judgment dismissing the Plaintiff's Complaint with prejudice, plus costs.

## COUNT THREE

### Abuse of Process

48.  Defendant repeats his answers contained in the preceding paragraphs as if set forth at length herein.

49. Defendant denies the allegations of paragraph 49 of Plaintiff's Complaint.

50. Admitted that defendant signed a complaint charging Plaintiff with offenses under the criminal code of the State of New Jersey.

51. Defendant denies the allegations of paragraph 51 of Plaintiff's Complaint.

WHEREFORE, the defendant denies that Plaintiff is entitled to the relief he seeks and demands judgment dismissing the Plaintiff's Complaint with prejudice, plus costs.

## COUNT FOUR

## False Arrest

Defendant provides no answer to the allegations contained in this Court.  By Order dated July 7, 2008 by the Honorable William H. Walls, U.S.D.J., all claims contained within this Count of the Complaint have been dismissed.

## COUNT FIVE

## Civil Rights Violations

Defendant provides no answer to the allegations contained in this Court.  By Order dated July 7, 2008 by the Honorable William H. Walls, U.S.D.J., all claims contained within this Count of the Complaint have been dismissed.

## COUNT SIX

## Emotional Distress

57.  Defendant repeats his answers contained in the preceding paragraphs as if set forth at length herein.

58.  Defendant is without sufficient information to form a belief as to the truth of this paragraph, and Plaintiff is left to his proofs.

59.  Defendant denies the allegations of paragraph 59 of Plaintiff's Complaint that are directed towards him and the remaining allegations of this paragraph of Plaintiff's Complaint are left to Plaintiff's proofs.

60.  Defendant denies the allegations of paragraph 60 of Plaintiff's Complaint that are directed towards him, and the remaining allegations of this paragraph are left to Plaintiff's proofs.

WHEREFORE, the defendant denies that Plaintiff is entitled to the relief he seeks and demands judgment dismissing the Plaintiff's Complaint with prejudice, plus costs.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

At all times relevant hereto, answering defendant acted in good faith, in an objectively reasonable manner and without fraud or malice.

### SECOND AFFIRMATIVE DEFENSE

Answering defendant has not deprived plaintiff of any right, privilege, or immunity secured to him by the United States Constitution or any Act of Congress.

### THIRD AFFIRMATIVE DEFENSE

Answering defendant has not deprived plaintiff of any right, privilege, or immunity secured to him by the Constitution and laws of the State of New Jersey.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against answering defendant upon which relief may be granted.

### FIFTH AFFIRMATIVE DEFENSE

Answering defendant is immune from suit

### SIXTH AFFIRMATIVE DEFENSE

Answering defendant is an official of an agency of the State of New Jersey and at all relevant times was performing acts within the scope of his official duties in good faith without fraud or malice, and are immune from any liability sought to be imposed upon them.

### SEVENTH AFFIRMATIVE DEFENSE

Recovery is barred in this action by reason of the applicable statutes of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

Answering defendant IS not guilty of negligence and violated no duty to the plaintiff.

### NINTH AFFIRMATIVE DEFENSE

Negligence, if any, on the part of the answering defendant was not the proximate cause of any injuries which may have been sustained by the plaintiff.

## TENTH AFFIRMATIVE DEFENSE

Damages, if any, were the result of the plaintiff's own actions and/or inactions.  Alternatively, the plaintiff's own negligence and carelessness was greater than any negligence on the part of the answering defendant and therefore recovery must be barred or reduced by reason of comparative negligence.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred in this action by the doctrines of <u>res judicata</u>, and/or collateral estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

The court lacks subject matter jurisdiction over the subject matter of this action.

## THIRTEENTH AFFIRMATIVE DEFENSE

Damages, if any, sustained by the plaintiff were the result of the actions of persons and/or entities over whom the answering defendant had no control.

## FOURTEENTH AFFIRMATIVE DEFENSE

The action is so lacking in fact-based merit as to warrant dismissal with prejudice.

## FIFTEENTH AFFIRMATIVE DEFENSE

Answering defendant is entitled to Qualified Immunity.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint and the proceedings resulting therefrom and any recovery resulting therefrom is barred, limited and/or controlled by all provisions of the New Jersey Tort Claims Act, <u>N.J.S.A.</u> 59:1-

1 through 59:12-3 inclusive, as if each section provision, defense, and immunity were listed herein separately, particularly, and at length.

### SEVENTEENTH AFFIRMATIVE DEFENSE

This suit is barred by laches and/or the doctrine of "unclean hands".

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are barred or limited because plaintiff has failed to mitigate damages.

### NINETEENTH AFFIRMATIVE DEFENSE

Any recovery to which plaintiff may be entitled against the answering defendant is subject to the limitations and reductions on damages set forth in N.J.S.A. 59:9-2.

### TWENTIETH AFFIRMATIVE DEFENSE

Any actions taken by the answering defendant was in the nature of discretionary activity within the meaning of N.J.S.A. 59:2-3 and/or N.J.S.A. 59:3-2 and accordingly no liability may be imposed upon the answering defendants.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Any actions taken by the answering defendant was in the nature of adopting, executing, or enforcing a law within the meaning of N.J.S.A. 59:2-4 and/or N.J.S.A. 59:3-3 and accordingly no liability may be imposed upon the answering defendants.

### RESERVATION OF RIGHTS

Defendant reserves the right, at or before trial, to move to

dismiss the complaint and/or for summary judgment, on the ground that the complaint fails to state a claim upon which relief can be granted and/or the defendants are entitled to judgment as a matter of law, based on any or all of the above defenses.

### JURY DEMAND

Defendant demands a bench trial for all issues of fact.

### DESIGNATION OF TRIAL COUNSEL

The Court is hereby advised that Melanie L. Armstrong, Deputy Attorney General, is hereby designated as trial counsel for defendants in this action.

ANNE MILGRAM
ATTORNEY GENERAL OF NEW JERSEY

By: *Melanie L. Armstrong*
_____Melanie L. Armstrong
        Deputy Attorney General

Dated: July 24, 2008