```
PAULA T. DOW
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, New Jersey  08625-0112
Phone:  (609)-292-8582
Attorney for Defendants, Division of
  Law & Public Safety of the State of New Jersey,
  Division of New Jersey State Police,
  Detective Long

By:  Vincent J. Rizzo, Jr. (VJR 3441)
     Deputy Attorney General
```

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF NEWARK

| | |
|---|---|
| _____ : | HON. WILLIAM H. WALLS, U.S.D.J. |
| FRANK MOBILIO,            : | |
|                           : | CIVIL ACTION NO. 07-3945 (WHW) |
|         Plaintiff,        : | |
|                           : | |
|    v.                     : | |
|                           : | |
| DIVISION OF LAW & PUBLIC  : | |
| SAFETY OF THE STATE OF    : | CERTIFICATION OF VINCENT J. |
| NEW JERSEY, DIVISION OF   : | RIZZO IN SUPPORT OF |
| NEW JERSEY STATE POLICE,  : | NOTICE OF MOTION TO SEAL |
| DETECTIVE LONG,           : | PORTION OF THE RECORD |
|                           : | DESIGNATED AS PACER |
|         Defendants.       : | DOCUMENT NUMBERS 25, 27 AND 30 |
| _____ : | |

Vincent J. Rizzo, Jr., being of full age, certifies and says:

1.   I am a licensed attorney in the State of New Jersey and a Deputy Attorney General in the Corrections and State Police Section of the Division of Law.

1

2. I have been assigned to represent the defendants in this matter and I have personal knowledge of the facts and circumstances regarding the content of this certification.

3. The matter involves a suit brought by plaintiff against the New Jersey State Police and Detective Brian Long, alleging that Detective Long intentionally, fraudulently and/or negligently conducted an investigation of plaintiff and intentionally and fraudulently secured a warrant for plaintiff's arrest from a New Jersey Superior Court Judge, in relation to claims made by a minor female that plaintiff had engaged in improper sexual contact with her.

4. Plaintiff was arrested, incarcerated for a time, indicted, tried and eventually acquitted of the charges brought against him. This lawsuit for damages followed.

5. On March 27, 2009, the defendants filed a Motion for Summary Judgment with Exhibits (PACER DOC. No. 25). The Exhibits consisted of various portions of grand jury, trial or deposition testimony, State Police Investigation Reports, Statements of Witnesses and other case related material.

6. On April 14, 2009, plaintiff filed his Opposition to the motion and attached his exhibits to his pleading (PACER DOC. No. 27). Among those exhibits were some of the same or same type material as had been filed with the defendants' motion.

7.     On May 5, 2009, defendants filed their reply to the plaintiff's opposition, again, attaching the same type material as previously described (PACER DOC. No. 30)

8.     Scattered throughout the material submitted as exhibits to the various pleadings are the names, addresses, birthdates and other specific identifying information of not only the minor female involved but also another minor female who was a witness to the alleged incident and gave a statement to the police at the time. Additionally, there are the names, addresses, birthdates and other identifying information of the parents ( or step-parents) of the two minor females and additional witnesses who either, or both, gave statements, testified at the grand jury or at trial or in depositions as part of the civil matter.

9.     Although these documents were originally redacted before including them as part of the exhibits accompanying each pleading submitted by the defendants, apparently the unredacted version of the documents made their way into the filed pleadings and are now accessible to the general public via the PACER SYSTEM.  Clearly, the privacy and confidentiality of all the individuals involved is at risk of exposure but especially that of the minor females.

10.    This situation was only discovered within the last few days when the documents were being scrutinized in preparation for briefing in the Third Circuit Court of Appeals.  Defendants then reviewed not only their submission but also that of the plaintiff

and discovered, as noted above, that the same situation existed in regard to some of their submissions (PACER DOC. No. 27).

11. The clerk was notified by telephone of this situation and has temporarily sealed the offending documents from public access pending the Court's decision on this motion.

12. Counsel for plaintiff was contacted and told of the circumstances and has consented to the Court entering an order sealing those documents appearing in the PACER SYSTEM as DOCUMENTS 25, 27 and 30.

13. Because the identifying information is interspersed throughout the exhibit documents included under those PACER DOCUMENT NUMBERS, it would be both cumbersome and time consuming to redact each individual document to remove the identifying information. Therefore, it is requested that ALL exhibits attached to the pleadings filed under PACER DOCUMENT NUMBERS 25, 27 and 30 be sealed by the court, prohibiting a non-party's remote electronic access to the documents as provided for in Fed.R.Civ.P. 5.2(e)

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                          PAULA T. DOW
                                          ATTORNEY GENERAL OF NEW JERSEY

                                   By: s/ Vincent J. Rizzo, Jr.
                                          Vincent J. Rizzo, Jr.
                                          Deputy Attorney General

DATED:   June 18, 2010